IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **JIMMY JACKSON,**  *Petitioner,*  v.  **JUDGE KATHY S. PALMER,** *et al.,*  *Respondents.* | **CIVIL ACTION NO.**  **5:20-cv-00372-TES-CHW** |

### ORDER

Petitioner Jimmy Jackson, a prisoner in Dooly State Prison in Unadilla, Georgia, filed a handwritten document challenging the validity of his conviction, which the Clerk docketed in this case as a petition for a writ of habeas corpus. [Doc. 1]. Petitioner did not, however, use the required 28 U.S.C. § 2254 form. [*Id.*]. Additionally, Petitioner did not pay the $5.00 filing fee or petition the Court to allow him to proceed *in forma pauperis* in this action.

Accordingly, the Magistrate Judge ordered Petitioner to complete and return a § 2254 form and either pay the $5.00 filing fee or submit an affidavit for leave to proceed *in forma pauperis* along with a certified copy of his trust fund account statement for the last six months. [Doc. 3]. The Magistrate Judge gave Petitioner 21 days to complete and file the required form and either pay the filing fee or move for leave to proceed *in forma*

*pauperis*. [*Id*.]. The Magistrate Judge also cautioned Petitioner that his failure to fully and timely comply could result in the dismissal of this action. [*Id*.].

Thereafter, Petitioner did not file a petition on the proper form, pay the filing fee, or move for leave to proceed *in forma pauperis*. Although Petitioner did file three letters with the Court, they all appeared to relate to conditions in the prison and Petitioner's medical needs, rather than to this case. [Doc. 4]; [Doc. 5]; [Doc. 6]. Thus, because Petitioner had not filed a recast habeas corpus petition, paid the filing fee, moved for leave to proceed *in forma pauperis*, or otherwise responded to the order directing him to take these actions, the Magistrate Judge ordered Petitioner to show cause why this petition should not be dismissed based on Petitioner's failure to comply with the previous order. The Magistrate Judge gave Petitioner 21 days to respond and cautioned him that his failure to do so would result in the Court dismissing this case.

More than 21 days have passed since the Magistrate Judge entered the show cause order, and Petitioner has not responded to that order. Thus, because Petitioner has failed to comply with the previous orders or to otherwise prosecute his case, the Court now **DISMISSES** the petition **WITHOUT PREJUDICE**. *See* Fed. R. Civ. P. 41(b); *Brown v Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).

**SO ORDERED**, this 7th day of January, 2021.

S/Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
